**Gregory WOOTEN, Administrator of the Estate of Lester Lee Wooten, Plaintiff,**

v.

**JOHNSON & JOHNSON PRODUCTS, INC., et al., Defendants.**

No. 84 C 853.

United States District Court, N.D. Illinois, E.D.

July 17, 1985.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

Presently before this Court is the plaintiff's motion to vacate the dismissal of this action for want of prosecution entered by Judge Bua on March 15, 1985 after the plaintiff's attorney failed to appear in court on the defendants' motion to dismiss for failure to comply with discovery which had been entered and continued to that date from March 8, 1985. Judge Bua's order noted that the plaintiff failed to appear "or comply with outstanding discovery."

On January 11, 1985, defendants filed a motion to compel answers to supplemental interrogatories which defendants had served on plaintiff on July 25, 1984. Defendants also sought to compel the production of documents and tape recordings which plaintiff identified at his deposition on October 24, 1984. Plaintiff failed to comply with defendants' discovery requests and, on February 28, 1985, defendants filed a motion to dismiss plaintiff's complaint pursuant to Rule 37 of the Federal Rules of Civil Procedure. On March 8, 1985, at the hearing on defendants' motion, Judge Bua ordered plaintiff to comply with all outstanding discovery and entered and continued defendants' motion to March 15. As of the time of the continued hearing on defendants' motion, plaintiff still had not complied with discovery and counsel for plaintiff failed to appear at the hearing. Judge Bua dismissed plaintiff's action as a sanction for failure to comply with discovery.

In addition, this Court had also twice set discovery cut-off dates, of January 15 and March 8, 1985 respectively, which passed without plaintiff having complied with discovery. Plaintiff also failed to comply with the briefing schedule set by this Court on the defendants' motion for summary judgment which expressly provided that the schedule set was the final extension. Finally, despite plaintiff's assertions that he has now fully complied with discovery, plaintiff's attorney admits that he has not fully answered the defendants' supplemental interrogatories because his expert had not yet prepared his report, a lame excuse at best in light of this Court's discovery orders. Thus, plaintiff delayed in answering the defendants' supplemental interrogatories for over seven months despite the passing of two discovery cut-off dates and despite Judge Bua's order that he comply by March 15, and has yet to do so in a satisfactory manner.

Because this Court is concerned that the rights of the plaintiff estate should not be affected by the conduct of its counsel, the Court will vacate the dismissal for want of prosecution. Nonetheless, enough is enough. The only excuse offered by plaintiff's counsel for his failure to appear in court at 9:30 a.m. on March 15 is that the Court's minute order did not expressly direct him to do so. That excuse is simply frivolous in light of the fact that the minute order specifically stated that the motion to dismiss for failure to comply with discovery was "entered and continued to March 15, 1985." Attorneys in this District know the meaning of these words. This Court will not condone such conduct by requiring the defendants to bear the cost of making the plaintiff's attorney comply with his obligations to this Court. At the same time, the Court is fully cognizant of the fact that it is plaintiff's attorney who is at fault here, not plaintiff.

Rule 37(a)(4) of the Federal Rules of Civil Procedure provides as follows:

If the motion [to compel] is granted, the court shall, after opportunity for hearing, require the party or deponent whose

conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Under the circumstances of this case, the Court believes it would be unjust not to award defendants their expenses and attorneys' fees for undertaking to confer and correspond numerous times with plaintiff's counsel, for preparing a motion to compel discovery and a motion to dismiss for failure to comply with discovery, and for responding to plaintiff's motion to vacate the dismissal. Accordingly, pursuant to Fed.R. Civ.P. 37(a)(4), this Court has decided to require the plaintiff's attorney, Leonard B. Miller, personally to pay the defendants their reasonable expenses incurred in obtaining this Order, including attorneys' fees.

Defendants' attorneys submitted with their response to the motion to vacate the affidavit of counsel that the legal fees incurred total $1280. Although Mr. Miller was given an opportunity to object in his reply brief, he made no mention of it. Thus, this Court grants the motion to vacate the dismissal for want of prosecution but requires that Leonard B. Miller pay the defendants the sum of $1280 as a sanction under Fed.R.Civ.P. 37(a)(4). In addition, the plaintiff is ordered to file his brief responding to defendants' motion for summary judgment by August 1, 1985 and to comply with all outstanding discovery forthwith. Failure to do so will result in dismissal of this case with prejudice. The defendants' reply brief is to be filed by August 15, 1985. It is so ordered.